FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JAN 19 AM 11: 03

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LARRY E. WARNER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-0084** |
| **RANDY J. MAXWELL, SHERIFF OF CONCORDIA PARISH** | **SECTION "K"(1)** |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b) and (c), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

## I.    Factual Summary

Plaintiff, Larry Warner ("Warner"), was housed in the Concordia Parish Correctional Center in Ferriday, Louisiana. Plaintiff submitted this *pro se* and *in forma pauperis*[1] civil rights complaint pursuant to Title 42 U.S.C. § 1983, against the Sheriff of Concordia Parish. He claims that during

---

[1]The Court directed the Clerk by separate Order to file this complaint without prepayment of a filing fee. However, the application for pauper status is deferred to the Western District of Louisiana for determination and collection pursuant to Title 28 U.S.C. § 1915.

____ Fee_____
____ Process_____
X  Dktd_____
____ CtRmDep_____
____ Doc. No _____

Dockets.Justia.com

his incarceration in Concordia Parish, he was subjected to substandard conditions, including improper ventilation, inadequate clothing, and inferior food.

## II.    The General Venue Statute

Title 42 U.S.C. § 1983 does not contain a specific venue provision. Venue, however, is determined under Title 28 U.S.C. § 1391, also known as the General Venue Statute. *See Jones v. Bales*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd*, 480 F.2d 805 (5th Cir. 1973). The General Venue Statute at § 1391(b) provides that a civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in a judicial district where (1) **any defendant resides**, if all defendants reside in the same State, (2) a substantial part of the **events or omissions** giving rise to the claim **occurred**, or (3) **any defendant may be found**, if there is no district in which the action may otherwise be brought.

Pursuant to Title 28 U.S.C. § 1406(a) and § 1404(a), a district in which venue is wrong may transfer a case to another district or division in which venue is proper, if such transfer is in the interest of justice. *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1999). Having reviewed the record, the Court finds that venue in the Eastern District of Louisiana is improper.

## III.    Proper Venue

Warner alleges a cause of action arising from the conditions existing during his incarceration in Concordia Parish Correctional Center. The events or omissions giving rise to the claim occurred in Ferriday, Louisiana, which is within the territory of the United States District Court for the Western District of Louisiana. 28 U.S.C. § 98(c). The defendant may be found in Ferriday, Louisiana. At all relevant times, plaintiff was incarcerated in the Concordia Parish Correctional

Center.[2]  The prison is located in Ferriday, Louisiana, in Concordia Parish, which is within the territory of the United States District Court for the Western District of Louisiana.  Title 28 U.S.C. § 98 (c). Warner does not allege any legal or factual basis to maintain venue in the Eastern District of Louisiana.  Therefore, the Court finds that it is in the interest of justice and fairness to the parties that this civil action be transferred to the Western District of Louisiana for further consideration.[3]

## IV.    Recommendation

It is therefore **RECOMMENDED** that the captioned matter be **TRANSFERRED** to the United States District Court for the Western District of Louisiana.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this ___18___ day of _____, 2006.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] Plaintiff has since notified this Court that he has returned to Orleans Parish Prison.

[3] The recommendation of transfer is not an indication that the claims presented have merit.